FILED & ENTERED

APR 22 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY fisherl    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

|  |  |
|---|---|
| In re:<br><br>Victory Entertainment Inc<br><br><br><br>Debtor(s).<br>_____<br>Howard M Ehrenberg<br><br>Plaintiff(s),<br>v.<br><br>HALA Enterprises, LLC<br><br>Defendant(s).<br>_____ | CHAPTER 7<br><br>Case No.:  1:18-bk-11342-VK<br>Adv No:   1:20-ap-01056-GM<br><br>**MEMORANDUM OF OPINION ON MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT [DKT. 77]**<br><br>Date:         April 19, 2022<br>Time:         10:00 AM<br>Courtroom:  302 |

_The following is the tentative ruling as modified and adopted as the Memorandum of Opinion on this Motion for Summary Judgment._

This motion for summary judgment is for the 2d (constructive fraudulent transfers), 7th (breach of contract), and 8th (breach of covenant) claims for relief in the

2d amended complaint. It  is brought by defendants.  The lease was entered into between HALA Enterprises, LLC (HALA), whose sole member is Agassi Halajyan (Halajyan), and Victory Entertainment, Inc. (VIP) on December 28, 2007.  The lease is for the real property at 12147 Victory Blvd., North Hollywood.  VIP filed bankruptcy under chapter 11 on May 25, 2018 and the case was converted to chapter 7 on September 27, 2018.  This complaint was filed on May 24, 2020 by the Trustee.

Halajyan declares that he prepared the lease and that Article V contains a provision for increasing the rent annually based on a formula tied to the Consumer Price Index with an annual cap.  But this does not accurately reflect the agreement between VIP's principal, Arshavir Khachikian (Khachikian) and Halajyan.  Instead, they actually agreed to a 5% annual increase, which is the amount that was paid on behalf of VIP.  For over 10 years, VIP paid this percentage increase on a monthly basis without protest.

2d claim for relief (constructive fraudulent transfers)

Defendants argue that VIP received a dollar-for-dollar reduction in its liability for each lease payment made and this constituted reasonably equivalent value. Official Comm. Of Unsecured Creditors v. Hancock Park Capital II, L.P. (In re Fitness Holdings Int'l, Inc.), 714 F.3d 1141, 1145-6 (9th Cir. 2013).  The burden is on the Trustee to prove that VIP received *less than the reasonably equivalent value* for each lease payment. Fitness Holdings and Brown v. Douglas (In re Duel D Health Care Operations, Inc.), 2021 Bankr. LEXIS 1934, at *27 (Bankr. N.D. Tex. 2021).  You look at whether the debtor received value and whether the value was reasonably equivalent. "Value" is defined as "the satisfaction … of a present or antecedent debt of the debtor." 11 USC §548(d)(2)(A).  Looking at §548(d)(2)(A) and the definition in Cal.Civ.Code §3439.03, the Ninth Circuit held that the "payment of a preexisting debt is value, and if the payment is dollar-for-dollar, full value is given….Therefore, to the extent a transfer

constitutes repayment of the debtor's antecedent or present debt, the transfer is not constructively fraudulent." Fitness Holdings, 714 F.3d at 1145-1146.

Dual D concerned payments under both a commercial lease and a management agreement and found that there was reasonably equivalent value for each of the payments because the payments reduced a debt based upon value.

Defendants argue that because VIP received a dollar-for-dollar reduction in its contractual obligations for each lease payment, each payment was made for reasonably equivalent value.

7th claim for relief (Breach of Contract), 8th claim for relief (Breach of Implied Covenant)

The written lease was orally modified to change the annual increases and VIP paid the higher amount each year.  This was not a miscalculation of the rent.  It was an agreed increase.  This conduct shows the intent of the parties and the terms of the agreement. J.B.B. Investment Partners Ltd. V. Fair, 37 Cal.App.5th 1, 11 (2019); A.B.C. Distributing Co. v. Distillers Distributing Corp,. 154 Cal.App.2d 175, 187 (1957).

Trustee's Opposition

Halajyan and Khachikian are first cousins.  Halajyan is the sole shareholder and sole officer of VIP and ran VIP's business and therefore he is an insider under section 101(31).

The lease with HALA is for 30 years, with three extensions for five years each. The written lease calls for annual rent increases and adjustments and these were slated to increase at levels substantially in excess of the commercial leasing market in that area (Laurel Canyon and Victory Blvd.).  The Trustee then sets forth his calculations that show that the lease itself was substantially over market.  The rent paid at the time of the petition in 2018 was about 31.3% of VIP's operating revenue, which was $3.58 per square foot.  Under industry standards the rent should have been below $1.32 to $1.78 per square foot.

The Trustee then argues that based on VIP's schedules, it was clearly insolvent at the time that the bankruptcy was filed.

Neither <u>Fitness Holdings</u> nor <u>Dual D</u> apply to this case because they are factually distinguishable.  <u>Dual D</u> concerns actual (intentional fraud) and not constructive fraud as in this case because the trustee did not seek to avoid the underlying agreements.  As the Defendants note, <u>Fitness</u> did not interpret a lease, but addressed the issue of the bankruptcy court's authority to recharacterize a loan from the debtor's principal as equity.  As to the contention by the Defendants that <u>Dual D</u> holds that when a debtor makes a payment on an antecedent debt and receives dollar-for-dollar reduction of that debt it is reasonable equivalent value, this is true only if the "debt itself was based upon value." 2021 Bankr. LEXIS 1934 at *20.  Under the Defendants' theory there could never be a constructive fraudulent transfer because one would never look behind the debt, even if the debtor paid above-market rent to an insider.

The statute of frauds prevents this oral modification.

The critical issue is the fair market value of the lease, not the terms of the lease. This is particularly true because the landlord and the tenant are first cousins and Halajyan sold the building to Khachikian and immediately rented it back.

Reply by Defendants

The Trustee admits that the facts are not in dispute.  He just raises a new issue that there was an *oral modification* of the written Lease.  In the complaint he asserts that it was a miscalculation.  He has offered no evidence to support either theory.

 VIP received a dollar-for-dollar reduction in liability and this is "reasonably equivalent" value as a matter of law.

The lease was executed 10 years before the petition and thus it is outside both the 4 year and the 7 year statutes of limitations.  The statute of repose extinguishes the right of action after the seven year period has elapsed. <u>PGA West Residential Assn., Inc. v. Hulven Intennat, Inc</u>., 14 Cal.App.5th 156, 177 (2017).

In this Court's April 19, 2021 Order on Defendants' Motion to Dismiss Trustee's Second Amended Complaint, the Court granted the Defendants' motion with respect to the time barred transfers, and explained, "[u]nder Cal. Civ. Code § 3439.09(c), 'a cause of action under this chapter with respect to a transfer or obligation is extinguished if no action is brought or levy made within seven years after the transfer was made or the obligation was incurred.' As such, the Trustee may not recover any transfers before May 25, 2011 (seven years before the petition date)." [Order, [Dkt 51], at 9 – 10].[1]

The Trustee misreads <u>Dual D</u>. It holds that where the underlying contract/lease is valid and beyond challenge, the payment on the debt provides a dollar-for-dollar reduction in the debtor's liability and is reasonably equivalent value.

There is no authority to "look behind" the transaction and this is prohibited as to constructive fraudulent transfers because state of mind and bad acts are not elements. Constructive fraudulent transfer focuses on the value of the exchanges, not the intent of the parties. The uncontroverted facts show that the agreement was for 5% increase per year and that this was discussed with Mr. Khachikian and that this was the amount that he paid. The Trustee has not come forward with evidence to challenge these facts.

<u>Stoltenberg v. Harveston</u>, 1 Cal.2d 264, 266 (1934) and Cal. Civ. Code §1698(b) hold that each rent payment constitutes full performance of the oral modification.

Ruling on Trustee's Objection to Halajyan Declaration

Sustained on the grounds of hearsay, but only as to the statement that he discussed the 5% increase with Mr. Khachikian and "thus, the rent was increased by 5% consistent with our agreement, each year."

Analysis

A constructively fraudulent transfer "applies to transfers by insolvent debtors. It permits avoidance if the trustee can establish (1) that the debtor had an interest in

---

[1] On further consideration, the earliest date is May 25, 2013.  See discussion below.

property; (2) that a transfer of that interest occurred within one year of the filing of the bankruptcy petition; (3) that the debtor was insolvent at the time of the transfer or became insolvent as a result thereof; and (4) that the debtor received 'less than a reasonably equivalent value in exchange for such transfer.' 11 U.S.C. § 548(a)(2)(A)" [now § 548(a)(1)(B)]  BFP v. Resolution Trust Corp., 511 U.S. 531, 563 (1994).  While the term "value" is defined in §548(d)(2)(A), the term "reasonably equivalent value" is not defined in the code.  Therefore, the court must first determine whether "value" was given and then analyze whether what the debtor received in exchange was "reasonably equivalent" to what the debtor gave up.

"Value" means "property, or satisfaction or securing of a present or antecedent debt of the debtor…".  §548(d)(2)(A).  Clearly the Debtor gave up money for the use of the real property in question.  To determine whether the amount that the Debtor paid HALA, the first place to look is at the terms of the lease.  A lease for real property must be in writing as required by the statute of frauds – Cal.Civ.Code section 1624.  A written contract that falls under the statute of frauds can be modified by "an oral agreement to the extent that the oral agreement is executed by the parties."  "Nothing in this section precludes in an appropriate case the application of rules of law concerning estoppel, oral novation and substitution of a new agreement, rescission of a written contract by an oral agreement, waiver of a provision of a written contract, or oral independent collateral contracts."  Cal.Civ.Code section 1698(b), (d).

The evidence clearly shows that the parties modified the annual increase in rent from the consumer price index to a flat rate of 5% per annum.  Payments were made and accepted for years and this demonstrates the new agreement or the waiver to the original provision in the written agreement.  Therefore, grant the motion as to the 7th and 8th claims for relief.

But that only resolves the first step of the inquiry.  The second step is to determine whether the rent as paid was in excess of the reasonable equivalent value of the rental for these premises.  To rule on this, the Court must compare the rent paid to

the fair market value of the premises at that moment in time.  In opposition to the

Trustee's contention that the monthly rent payment exceeded the fair market value and

thus was not reasonably equivalent to the value receive by the Debtor, the Defendants

assert that the fact that the Debtor paid in full each month is sufficient to meet this

requirement.  The Court must agree with the Trustee that such a theory makes no

sense.  Under that contention, even if a party paid $100 for an item worth only $1, that

would be deemed to be reasonable equivalent value and the buyer (in this case tenant)

would receive a windfall in every case so long as it paid in full and the seller accepted

that payment.

Although the Trustee asserts in the Second Amended Complaint and in his

opposition to this motion for summary judgment that the monthly rent payment

substantially exceeds a reasonable market rate, the Trustee gives no admissible

evidence in support of that theory.  He also goes back to the beginning of the lease,

although under California law the claim cannot exceed seven years from the date of the

filing of the adversary proceeding under Cal.Civ.Code § 3439.04.  In re Slatkin, 22

Fed.Appx. 545, 547 (9th Cir. 2007):

> The bankruptcy court erred in measuring the seven-year claims from the date
> Slatkin filed for bankruptcy protection rather than the date the Trustee filed the
> complaint to avoid the fraudulent transfers. See Cal. Civ.Code § 3439.09(c)
> ("Notwithstanding any other provision of law, a cause of action with respect to a
> fraudulent transfer or obligation is extinguished if no action is brought ... within
> seven years after the transfer was made or the obligation was incurred."").
> Because this statute of repose "provide[s] an overarching, all-embracing
> maximum time period to attack a fraudulent transfer," Macedo v. Bosio, 86
> Cal.App.4th 1044, 104 Cal.Rptr.2d 1, 5 n. 4 (2001), it extinguished the Trustee's
> ability to reach the transfers that occurred more than seven years prior to the
> date upon which the Trustee filed the claim against Jenner. See also Cal.
> Civ.Code § 3439.09 (Comments) (stating that the purpose of the section "is to

make clear that lapse of the statutory periods prescribed by the section bars the right and not merely the remedy").

Defendant argues that Cal. Civ. Code §3439.09 does not provide the three year statute of repose extension to a claim under constructive fraudulent transfer [Cal.Civ.Code §3439.04(b)], but provides no dispositive caselaw on this and the Court cannot find any.  While Monastra v. Konica Business Machines, U.S.A., Inc., 43 Cal.App.4th 1628, 1645 (Ct. of App., 2d dist., 1996, specifically allows the extension in the case of §3439.04(a) and does not mention it as to §3439.04(b), this is not dispositive.

Because each rent payment was a separate transaction, the cause of action accrues at the instant that the payment was made.  Because the Trustee delayed filing until the last minute, he lost two years of prepetition payments (May 25, 2011 through May 24, 2013) and therefore can only recover from the payments beginning on May 25, 2013.

Grant partial adjudication as to the second claim for relief.  The only remaining issues as to constructive trust are (1) whether the Debtor was insolvent at the time that each payment was made so that each individual payment falls under the provisions of a constructive fraudulent transfer and (2) whether each individual payment fails to qualify as the reasonable rental rate for that date.  Looking at each payment beginning on May 25, 2013 and taking into consideration that rent is usually paid on a monthly basis and may not be apportioned as to the number of days involved, did HALA receive an amount in excess of the reasonable rental rate?

Please note that for purposes of this ruling, the Court uses the terms "fair market value" and "reasonable rental rate" interchangeably.  However, in actually, under given circumstances they may be separate though related.  Because the Court does not have

admissible evidence at this time, no determination is being made of whether the Trustee can recover any amount of the rent paid.

###

Date: April 22, 2022

_____
Geraldine Mund
United States Bankruptcy Judge