FILED & ENTERED

NOV 30 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY egonzale DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Victory Entertainment Inc<br><br>                              Debtor(s).<br><br>Howard M Ehrenberg<br><br>                              Plaintiff(s),<br>     v.<br><br>HALA Enterprises, LLC<br><br>                              Defendant(s). | CHAPTER 7<br><br>Case No.:  1:18-bk-11342-VK<br>Adv No:   1:20-ap-01056-GM<br><br>**TENTATIVE RULING, AS ADOPTED BY THE COURT AS ITS MEMORANDUM OF OPINION, ON PLAINTIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE THE TESTIMONY AND OPINIONS OF JEREMY SALVADOR, CPA [dkt. 132]**<br><br>Date:         November 29, 2022<br>Time:         10:00 AM<br>Courtroom: 303 |

At the time that the bankruptcy was filed, there was a class action pending in the superior court and about to go to trial. [Class Action BC 445154], which involved as

many as 3,000 performers [COURT: current and former dancers] at the Debtor's adult entertainment venue. [COURT: per the claims register, the amount sought for this class action claim is $18,761,877.92, including up to $13,650 for unpaid priority wages – claim 10-1; the total amount of claims on the claims register is $26,813,328.73.  On its schedules, these are divided into three claims, each of "6 to 7 figure" and listed as contingent, unliquidated, and disputed -dkt. 20]

Jeremy Salvador, CPA, has been designated by the Defendants to testify as to two opinions: (1) "Based on the company's financial statements and tax returns provided, VIP was solvent from January 1, 2014 through August 31, 2017" and (2) "The company's operation as a going concern suggests solvency from January 1, 2008 through January 1, 2014."

The issue here is that Mr. Salvador is not considering the Salazar Class Action as a contingent liability in determining Debtor's solvency.

Mr. Salvador states that there are two requirements to recognize a contingent liability: the loss must be probable and also reasonably estimable. Probable is generally when the event has a 75% or greater likelihood of occurrence; reasonably estimable means the most likely outcome within the probable range.  If there is no outcome within the range that is more likely than others, the minimum amount in the range should be recognized.

He notes that the state court action deals with a misclassification of the dancers as independent contractors rather than employees.  Initially the trial court refused to certify the class, but this was reversed by the court of appeal.  Mr. Salvador than analyses this both as a claim with "no class certification" and one with a "class certification.'

To reach his conclusion, Mr. Salvador must make a legal conclusion and thus testify to legal opinions, which is not proper for an expert witness.  Here he analyzes the class action as follows:

Because it was denied class certification from 9/10/10 through 8/2/15, he determined that for that period the "SALAZAR MATTER as not probable and not reasonably estimable" and gives no consideration to it in his analysis of solvency. However, once it was granted class certification (from 8/3/15) because the Plaintiff's [Court: in Salazar or here?] Memorandum of Contentions of Fact and Law dated 5/22/18 indicates that VIP faces $20+ million of liability, he cannot recognize it as a contingent liability from 8/3/15 onward.

As to the earlier period, Mr. Salvador is equating a trial court order with the ultimate conclusion of the appellate court.  This is a legal opinion and is inadmissible. He also deems that the  legal effect of the court of appeal reversal has no effect on the determination of VIP's solvency.

Opposition

Mr. Salvador is not stating a legal opinion.  He does not predict the outcome of the Salazar lawsuit, but is using the Debtor's balance sheet and cash flow to determine solvency. As to the Salazar lawsuit, he is using generally accepted accounting criteria for valuing a disputed liability.  He will testify that the available information is inadequate to conclude that it is probable that the Debtor will suffer a loss from the Salazar suit and therefore he does not quantify that liability.

This is a contingent liability and standard accounting practice is to discount it by the probability that the contingency will occur and the liability become real.  Because Mr. Salvador does not have sufficient information, he cannot conclude that the Debtor's loss is probable.  And even if he predicted the outcome, this would not be a legal conclusion, but an opinion of fact.

The Trustee's cases are not on point as the concern legal conclusions.

///
///
///

-3-

Reply

It is the burden of the side offering the testimony to show that it is relevant, reliable and admissible. Here Mr. Salvador is offering a legal opinion as to the meaning of the initial denial of class certification. This is improper and inadmissible. After the class was certified, he is attempting to determine whether the contingent liability was likely or probable and therefore he is assessing the outcome of the class action. But this, again, requires him to use his same legal opinion as to the earlier time period.

Because Mr. Salvador asserts that he does not have enough facts to conclude that the Defendants will probably lose the class action, how is his opinion helpful to the trier of fact?

Proposed Ruling

I would like to know the accounting standard for "disputed" liabilities as opposed to "contingent" ones. Is the Salazar law suit contingent? The bankruptcy code distinguishes between contingent liabilities and disputed ones (ie. for chapter 13 eligibility). The Oxford English Dictionary (U.S. version) defines "contingent" as subject to chance or arising only if certain circumstances occur or exist. Disputed is not defined as an adjective, but the verb form deals with something that is argued about or a statement that alleged facts are not true or valid. Within the bankruptcy context (which is not really relevant if the accounting criteria are different), the Second Circuit Court of Appeals states:

> It is generally agreed that a debt is contingent if it does not become an obligation until the occurrence of a future event, but is noncontingent when all of the events giving rise to liability for the debt occurred prior to the debtor's filing for bankruptcy. See, e.g., In re Knight, 55 F.3d at 236; In re Nicholes, 184 B.R. 82, 88 (9th Cir. BAP 1995); Brockenbrough v. Commissioner, 61 B.R. 685, 686–87 (W.D.Va.1986); In re All Media Properties, Inc., 5 B.R. 126, 133

(Bankr.S.D.Tex.1980), aff'd, 646 F.2d 193 (5th Cir.1981); 2 L. King, Collier on Bankruptcy ¶ 109.06[2][b] (15th ed. rev.1997).

> A claim is contingent as to liability if the debtor's legal duty to pay does not come into existence until triggered by the occurrence of a future event.... [A] creditor's claim is not contingent when the "triggering event" occurred prior to the filing of the chapter 13 petition.

Id. Thus, a contingent debt is "one which the debtor will be called upon to pay only upon the occurrence or happening of an extrinsic event which will trigger ... liability." Brockenbrough v. Commissioner, 61 B.R. at 686.

We cannot view a debt as contingent merely because the debtor disputes the claim, for that would make the word "contingent," in the definition of "claim," redundant. See generally In re Nicholes, 184 B.R. at 89 ("even a bona fide dispute over liability for a claim does not make the debt contingent"); id. ("Debts of a corporation listed on an individual debtor's schedules are not rendered contingent simply because the individual debtor's liability for the corporation's debts is at issue."). Nor, by a future "event," do we refer to a judicial determination as to liability and relief, for a claim may be noncontingent even though it has not been reduced to judgment. See 11 U.S.C. § 101(5)(A).

*In re Mazzeo,* 131 F.3d 295, 303 (2d Cir, 1997)

These two words are not synonyms and it would help to know how the accounting world treats them.

However, as to the specific objection, which is that Mr. Salvador is giving a legal opinion that the class action has no effect on the case until the court of appeal reversed, that objection is sustained. The date of the ruling of the court of appeal has no effect on

the nature of the claim prior to that ruling.  The court of appeal certification reaches back in time to the date that the claim first arose.

Grant the motion as to the analysis that there was no class prior to the court of appeal certification.  As to whether the potential judgment and the amount of that judgment should be considered, I would like information on the accounting standards of a disputed claim (for that is what this is because it only awaits a legal determination).

###

Date: November 30, 2022

Geraldine Mund
United States Bankruptcy Judge

-6-