

**FILED & ENTERED**

**NOV 30 2022**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** fisherl    **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re: | CHAPTER 7 |
| Victory Entertainment Inc | Case No.:  1:18-bk-11342-VK<br>Adv No:   1:20-ap-01056-GM |
| Debtor(s). | **TENTATIVE RULING, ADOPTED AS THE MEMORANDUM OF OPINION, ON DEFENDANT'S MOTION IN LIMINE TO EXCLUDE THE EXPERT TESTIMONY OF J. MICHAEL ISSA [dkt. 128]** |
| Howard M Ehrenberg | Date:       November 29, 2022<br>Time:       10:00 AM<br>Courtroom: 303 |
| Plaintiff(s),<br>v. | |
| HALA Enterprises, LLC | |
| Defendant(s). | |

The Trustee did not provide an expert report in violation of Rule 26(a)(2)(B) and this court's May order [dkt. 114] regarding expert discovery.  Rule 37(c)(1) specifies that the sanction is exclusion of the expert's testimony and is "self-executing" and

"automatic."  In the scheduling order, experts were to be designated by 5/23/22 and reports were to be exchanged by 7/15/22.  The Trustee designated Mr. Issa in his May 2022 designation report, but did not produce Mr. Issa's report at all.  Hala's counsel sent emails to Mr. Beck on 7/18/22 and on 7/25/22 requesting the report and a confirmation that Mr. Issa would be a witness.  No immediate response was received, but on 8/8/22 Mr. Beck acknowledged that he had not sent the report, but stated that Mr. Issa would be called as an expert nonetheless.

The Trustee should not be allowed to call Mr. Issa as an expert witness nor as a rebuttal expert witness.  This would be circumventing Rules 26 and 37.

Opposition

If the failure to comply with Rule 26(a) is substantially justified or is harmless, the expert's testimony should not be excluded. A motion for sanctions under FRCP 37(c)(1) is discretionary and should be based on whether there is substantial justification or harmlessness due to the violation of the rule.

> The Court must balance fairness to the parties with the need to manage dockets, taking into account the totality of the circumstances, such as: the history of the litigation, the need for the challenged evidence, any justifications, prior notice of the expert and the possibility of designation, whether the testimony will be meaningfully different from or cover the same areas as that of the original expert, and the ability of the opposing counsel to depose or cross-examine the new expert. Macaulay, 321 F.3d at 51; see Ferrara & DiMercurio v. St. Paul Mercury Ins. Co., 240 F.3d 1, 10–11 (1st Cir.2001).

Morel v. Daimler-Chrysler Corp., 259 F.R.D. 17, 20 (D.P.R. 2009).

There are a series of factual circumstances that courts have used to determine whether to exclude the evidence.  Here the expert had been designated in a timely fashion back on May 23, 2022. The Defendants had all of the information that would be

in Mr. Issa's report, but failed to depose him in the apparent hope that the Court would exclude his testimony.

The Second Amended Complaint has extraordinary detail in the allegations, specifically in paragraphs 17 through 32. These were from Mr. Issa, as were the conclusions in paragraphs 52-53, 57, and 75. The Defendants have had this information since January 2021 and conducted a series of discovery through a set of requests for admissions and interrogatories as well as a demand for production of documents.

Reply

No report was ever served and thus exclusion of the expert is automatic and no discretion is needed. Even if the court could consider substantial justification and harmlessness, the Trustee has not shown either. No reason is given for failure to produce a report. The Defendants requested the report several times and yet none was produced. This was deliberate and tactical.

The complaint and the discovery responses do not substitute for the expert's report. In this case, the Trustee designated Mr. Issa to testify as to the Debtor's solvency/insolvency. The complaint merely makes a conclusionary allegation in paragraph 53 that the Debtor was insolvent in the year before filing bankruptcy. This was on information and belief and does not show Mr. Issa's opinion, methodology, or data. It is a statement of ultimate fact.

The extensive data in the complaint refers to the fair market value and the market trends during the Debtor's lease. In the expert designation, it is Mr. Eidson who was designated for that, not Mr. Issa.

Offering Mr. Issa for deposition now is not only late, but it is without a report. The Defendants have no road map to follow for discovery or the imminent trial.

///
///

Proposed Ruling

As to the information underlying his expert opinion that Mr. Issa will testify to, it is insufficient on the theory that these are the contentions and facts laid out in the Second Amended Complaint. And as to the revelations in the responses to requests for admissions, interrogatories, and requests to produce, I cannot find any reference to Mr. Issa as the basis of these responses. Further, as of November 22, there still is not a written report from Mr. Issa that has been produced. And no excuse has been given for this.

The Plaintiff seeks to place the burden on the Defendants to have deposed Mr. issa, but the initial burden is that the report needed to be produced. Otherwise the Defendants are just taking a shot in the dark as to the basis of his opinions (whatever they may be) and as to whether he is the one whose initial allegations are the basis of the complaint.

It would be unfair to the Defendants and to the Court to allow Mr. Issa to give his expert opinion orally on the stand. And time has certainly run out. We set the trial date months ago so that it would be convenient to all parties and so that the Court would have access to a courtroom for five consecutive days. The Defendants have complied with the stipulations. The Plaintiff has not.

The issue of Mr. Issa's statement of qualifications is not dispositive. The lack of a report that was timely or even slightly late is.

Grant the motion. Mr. Issa will be welcome in the courtroom as a consultant to Plaintiff's counsel, but may not testify either on direct examination or in rebuttal.
###

Date: November 30, 2022

Geraldine Mund
United States Bankruptcy Judge